UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 07-09-B-W |
| | ) |
| KELLY JO MIDDLEMISS, | ) |
| | ) |
| Defendant | ) |

ORDER OF TEMPORARY DETENTION
PENDING REVOCATION HEARING

The defendant, Kelly Jo Middlemiss, appeared before this Court on the Government's motion to revoke supervised release filed on March 11, 2008. An arrest warrant for defendant was issued on March 11, 2008 and she was taken into custody at that time.

Pursuant to Federal Rule of Criminal Procedure 32.1, the defendant appeared before this Court on March 20, 2008, for preliminary hearing to determine whether there was probable cause to believe she had violated a condition of her supervised release and to address the issue of her continued detention. During the period from March 12 through March 20 the preliminary hearing on this petition was set and continued on three separate occasions. I assigned counsel to represent Ms. Middlemiss and both he and representatives from the U.S. Marshal's service reported to me that Ms. Middlemiss would not leave her cell, would not get dressed, and was behaving in a generally uncooperative fashion. I was informed that jail personnel had considered her hospitalization last week but that she had been returned to custody in the jail. Finally I determined on March 20, 2008, that in order to insure that an initial preliminary hearing was

1

held, I would go to the Penobscot County Jail and conduct that hearing inside the jail facility. The only alternative appeared to be to forcefully remove Ms. Middlemiss from the jail and transport her to the federal courthouse, perhaps endangering her and others who would be involved in that transport. Ms. Middlemiss, according to reports I received, refused to voluntarily allow herself to be dressed or transported to court. Plaintiff's counsel, the Assistant United States Attorney, the Supervised Release Officer, the court clerk, the deputy marshal and the court reporter accompanied me to the jail's visiting room where representatives of the Penobscot County Sheriff's office brought Ms. Middlemiss for the purpose of conducting the initial appearance. Ms. Middlemiss walked into the hearing room, restrained by two female jail personnel. While she appeared to be physically resisting the jail guards, she did not become violent while in my presence. She was wearing nothing but a heavy dark blue jail blanket. According to the deputy marshal who accompanied me to this hearing, Ms. Middlemiss has refused to wear any clothes, eat properly, or communicate with jail personnel since being incarcerated. She was immediately seated on a stool across the room from me, leaned back against the wall, and put her head down on the counter. Ms. Middlemiss remained totally unresponsive to my questions and did not signify that she understood the nature of the proceedings or the reason for her presence. The jail guards continued to restrain both of her arms. Her attorney indicated he had received no communication from her.

 I informed Ms. Middlemiss of her right to a full revocation hearing and the nature of the charges against her. She had as a condition of her supervised release that she was to reside in Canada and not re-enter the United States unless she obtained prior written permission from the supervising officer. Ms. Middlemiss was arrested on March 11 by United States Customs &

Border Protection as she attempted to re-enter at the Mill Town, Maine port of entry without written permission.  I found that there is probable cause to believe a violation occurred based upon the petition filed by Wade Maddox and signed under penalty of perjury.  Given Ms. Middlemiss's unresponsiveness and the circumstances of the last week, I am unable to ascertain if she understood her rights, had any questions concerning her case, and was competent to proceed with the hearing.  I directed that defendant's counsel should file a motion to have a psychiatric examination performed as soon as possible.  In the interim the issue of her continued detention at the jail appears problematic as she is obviously not receiving intensive psychiatric care at that facility.  However, there are no conditions available to me upon which I could order her release.

Pursuant to Rule 46 (c), Fed. R. Crim. P., the defendant has the burden of establishing by clear and convincing evidence that there are conditions or combinations of conditions which will reasonably assure the safety of another person or the community and that there is no danger that she will flee.  No evidence was presented.  Therefore it is ORDERED that defendant be held pending revocation hearing to be held before Judge John A. Woodcock on April 11, 2008, at 1:30 p.m.

It is further ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the

United States Marshal for the purpose of an appearance in connection with a court proceeding.

    *SO ORDERED.*

    March 20, 2008.

                                        /s/ Margaret J. Kravchuk
                                        U.S. Magistrate Judge